IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JOLANTA F. CZARNY, | * | |
| Plaintiff, | * | |
| v. | * | |
| HOWARD COUNTY DETENTION CENTER, | * | Civil Action No.: RDB 06-2252 |
| | * | |
| and | | |
| | * | |
| HOWARD COUNTY, | | |
| | * | |
| Defendants. | | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

<u>MEMORANDUM OPINION</u>

This action arises out of a three-count Complaint that Jolanta F. Czarny ("Plaintiff" or "Czarny") filed against the Howard County Detention Center ("the Detention Center") and Howard County, Maryland ("the County") (collectively "Defendants"), alleging that they discriminated against her in violation of Title I of the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101, *et. seq.* ("ADA" or "the Act") by refusing to interview, consider, or hire her because of her disability. Pending before this Court is the County's Motion to Dismiss, filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, which contends that the Complaint fails to state a claim upon which relief can be granted. In the alternative, the County has moved for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure as to all Counts. The parties' submissions have been reviewed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2004). For the reasons stated below, Defendants' Motion to Dismiss the Complaint, or, in the alternative for Summary Judgment, will be GRANTED in part as to

Counts I and III and the discriminatory discharge claim in Count II, and DENIED in part as to the failure to hire claims in Count II.

BACKGROUND & PROCEDURAL HISTORY

This Court reviews the facts of this case in a light most favorable to the Plaintiff. Czarny worked as a Correctional Officer and Correctional Corporal at the Howard County Detention Center in Howard County, Maryland.[1] In 2003, she requested a light- or restricted-duty assignment involving no physical contact with inmates. In making this request, Plaintiff alleged that the work-related injury she suffered in October of 2002 rendered her unable to perform the essential duties of her job as a Correctional Officer. In November of that year, Plaintiff also applied for line-of-duty disability retirement benefits, supported by written statements from her physicians stating that she would never again be physically capable of performing the duties required of correctional officers. Doctors hired by Defendants disagreed, however, alleging that Plaintiff could fulfill these duties. The parties were unable to come to an agreement over this dispute and on June 22, 2004, Czarny's position as a Correctional Officer was terminated. Plaintiff alleges that she was fired "[a]s a result of [her] disability." (Compl. ¶ 6.)

After her termination, Plaintiff applied for approximately twenty-two positions with the County that involved few physical demands, including Administrative Support Technician positions in the Office of Public Works/Utilities, the Office of Law, the Police Department, the Department of Finance, and the Department of Fire & Rescue Services, as well as Human Services Worker positions in the Housing and Community Development Department and the

---

[1] A dispute exists between the parties concerning the initial date of employment. Plaintiff alleges that her employment began in November of 1984 (Compl. ¶ 2), while Defendants allege that her employment did not begin until November of 1985. (Def.'s Mem. Supp. Mot. Dismiss or Summ. J. 4.) However, this dispute is immaterial to the issues raised by Defendants' Motion.

State's Attorney's Office, among others. (Def.'s Mem. Supp. Mot. Dismiss or Summ. J. 7.) Czarny was not interviewed or hired for any of these positions.

Plaintiff filed a charge with the Equal Employment Opportunity Commission ("EEOC") on May 20, 2005, alleging that Defendants discriminated against her in violation of the ADA when they dismissed her from her position as Correctional Officer, refused to give her a permanent restricted duty assignment in the Detention Center, and failed to interview or hire her for any of the other employment positions for which she applied. The EEOC made no formal findings on the merits of Plaintiff's case and issued a right to sue letter dated April 25, 2006.

Plaintiff originally filed this action in the Circuit Court for Howard County on July 31, 2006. Counts I and II of the Complaint allege that the Howard County Detention Center and Howard County, respectively, discriminated against her in violation of the ADA. Count III appears to be a gross negligence claim. Defendant Howard County removed it to this Court on August 29, 2006, pursuant to 28 U.S.C. § 1441(b), because it is "founded on a claim or right arising under the . . . laws of the United States." The County filed the subject Motion to Dismiss the Complaint, or in the Alternative, for Summary Judgment (Paper No. 7) on August 30, 2006.

## STANDARD OF REVIEW

Defendants first seek to dismiss the Complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted. In reviewing a complaint under Rule 12(b)(6), the court assumes "the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations." *Eastern Shore Mkts. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000) (citing *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)). A Rule 12(b)(6) motion to dismiss "should only be

granted if, after accepting all well-pleaded allegations in the plaintiff's complaint as true, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief." *Migdal v. Rowe Price-Fleming Int'l Inc.,* 248 F.3d 321, 325 (4th Cir. 2001). Furthermore, the "Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Rather, Rule 8(a)(2) of the Federal Rules of Civil Procedure requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." *Migdal*, 248 F.3d at 325-26; *see also Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002) (stating that a complaint need only satisfy the "simplified pleading standard" of Rule 8(a)).[2]

## DISCUSSION

The precise issue before the Court is whether Czarny can prove any set of facts to support her claim that the Defendants violated Title I of the Americans with Disabilities Act by refusing to interview, consider, or hire her because of her disability. Defendant Howard County ("the County") contends that each of Plaintiff's three counts should be dismissed pursuant to Rule 12(b)(6). First, the County argues that Count I of the Complaint be dismissed because Defendant Howard County Detention Center ("Detention Center") is not a "covered entity" under the ADA. (County's Mem. Supp. Mot. Dismiss 14.) Second, the County contends that Count II of the

---

[2] On a motion to dismiss pursuant to Rule 12(b)(6), if "matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56. . . ." *Talbot v. U.S. Foodservice, Inc*., 191 F. Supp. 2d 637, 639 (D. Md. 2002). Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no *genuine* issue as to any *material* fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c) (emphasis added). In this case, although both parties presented extrinsic documents when briefing the County's Motion to Dismiss, the Court did not consider them in rendering its decision. Accordingly, the motion to dismiss was not converted to one for summary judgment.

Complaint be dismissed because Plaintiff did not allege facts sufficient to establish that she possesses a "disability," that she was "otherwise qualified" for the positions, or that her disability was a motivating factor in the employment decisions under the ADA.  (*Id*. at 15-19.)  Finally, the County alleges that Plaintiff's gross negligence claim in Count III of her Complaint should be dismissed because it is preempted by and subsumed in her ADA claim in Count II.  (*Id*. at 20.)  In the alternative, the County argues that summary judgment should be granted in its favor because there are no genuine issues of material fact and it is entitled to judgment as a matter of law.

## I.      Plaintiff's ADA Claim Against the Detention Center (Count I)

Count I of the Complaint alleges that the Howard County Detention Center violated the Americans with Disabilities Act by refusing to hire Czarny because of her disability.  The Detention Center has not filed a motion in this case.  However, Howard County argues in its Motion to Dismiss that the Complaint fails to state a claim against the Detention Center because the Detention Center is not a "covered entity" subject to the ADA.  (County's Mem. Supp. Mot. Dismiss 15.)

The ADA prohibits discrimination by a "covered entity" against a "qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions and privileges of employment."   42 U.S.C. § 12111(2)(a).  The Act defines a "covered entity" as an "employer, employment agency, labor organization, or joint-labor management committee."  *Id.* § 12111(2).

In her Complaint, Czarny alleges that the Detention Center is a "government agency" and that she was "employed by the Defendants."  However, section 7.502 of the Howard County

Code simply states that "[t]he Howard County jail is an institution within the department of corrections, and it shall hereafter be named the Howard County Detention Center." The Detention Center is not a separate agency and it has no powers over employment. Instead, the County has the ultimate authority over employment decisions pursuant to sections 701-710 the Howard County Charter and Title 1 of the Howard County Code. Thus, it is clear that the County was or would have been the Plaintiff's employer at all times relevant to this case.

Because the Detention Center is itself not a "covered entity" as defined by Title I of the ADA, the Complaint fails to state a claim against it upon which relief can be granted. Accordingly, the County's Motion to Dismiss is GRANTED with respect to Count I of the Complaint, and the Howard County Detention Center is DISMISSED from this action as a Defendant.

**II.     Plaintiff's ADA Claim Against the County (Count II)**

The County alleges that Count II of the Complaint should be dismissed because Plaintiff has not stated a claim upon which relief can be granted. (*See* County's Mem. Supp. Mot. Dismiss 13.)

As an initial matter, the County argues that Plaintiff cannot bring a claim for discriminatory discharge from her position as a Corrections Officer because she did not file her EEOC charge within the statutory deadline.[3] (County's Reply Mem. 13; County's Mem. Supp. Mot. Dismiss 12 n.9.) Under 42 U.S.C. § 2000e-5(e)(1), a plaintiff has 180 days after the date of

---

[3] The County also argues that the Complaint lacked specificity regarding her claim of discriminatory discharge. (County's Reply Mem. 12.) However, paragraph 6 of the Complaint, which is "incorporate[d] be reference" in all counts, expressly states that "[a]s a result of the Plaintiff's disability she was terminated on June 22, 2004." (Compl. ¶ 6.) Plaintiff has clearly preserved a claim of discriminatory discharge in addition to her failure to hire claims.

the alleged discriminatory act to file an EEOC charge.[4]  However, the deadline is extended to 300 days if a plaintiff "has initially instituted proceedings with a State or local agency with authority to grant or seek relief. . . ."  42 U.S.C. § 2000e-5(c); *see Skipper v. Giant Food, Inc.*, 187 F. Supp. 2d 490, 492 (D. Md. 2002) (holding that a plaintiff in a "deferral state," like Maryland, has 300 days to file a claim with the EEOC instead of the usual 180 days).  Here, Plaintiff filed her initial charge with the Howard County Office of Human Rights, so her deadline was 300 days from the alleged discrimination.

Because Czarny's employment was terminated effective June 22, 2004, she would have had to file her EEOC charge by April 18, 2005.  (Compl. ¶ 6.)  However, she did not file her EEOC charge until May 20, 2005, more than a month late.  Because the Plaintiff failed to comply with the statutory deadline, this Court cannot consider her claim of discriminatory discharge.  Czarny's refusal to hire claims, however, are not barred.  She did not begin applying to new positions until July 21, 2004.  (Def.'s Mem. Supp. Mot. Dismiss or Summ. J. 7.)  Thus, her May 20, 2005 Charge of Discrimination based on a refusal to hire was filed within the jurisdictional limit of 300 days.  Accordingly, the County's Motion to Dismiss is GRANTED with respect to the discriminatory discharge claim in Count II.  This Court will now consider the County's substantive arguments.

To establish a cause of action for disability discrimination under the ADA, "a plaintiff . . . must allege that (1) she has a disability, (2) she is otherwise qualified to receive the benefits of a public service, program, or activity, and (3) she was excluded from participation in or denied

---

[4] The ADA expressly adopts the "powers, remedies, and procedures set forth in sections 705, 706, 707, 709, and 710 of the Civil Rights Act of 1964 (42 U.S.C. 2000e-4, 2000e-5, 2000e-6, 2000e-8, and 2000e-9)."  42 U.S.C. § 12117(a).

the benefits of such service, program, or activity, or otherwise discriminated against, on the basis of her disability." *Constantine v. Rectors & Visitors of George Mason Univ.*, 411 F.3d 474, 498 (4th Cir. 2005) (citing *Baird v. Rose*, 192 F.3d 462, 467-70 (4th Cir. 1999); *Doe v. Univ. of Md. Med. Sys. Corp.*, 50 F.3d 1261, 1264-65 & n. 9 (4th Cir. 1995)).

When filing a complaint, Rule 8(a)(2) requires only a "short and plain statement of the claim." Additionally, the United States Supreme Court, in *Swierkiewicz v. Sorema N.A.*, has held that Rule 8(a)(2) does not contain a heightened standard for employment discrimination cases. 534 U.S. 506, 508 (2002). Instead, the Supreme Court noted that the short and plain statement need only give the defendant "fair notice" of the plaintiff's claim and the grounds upon which it rests. *Id.* at 514. These liberal pleading requirements will be applied to each of the elements of Plaintiff's ADA claim.

    **A.**     **Disability**

The first element Czarny must show is that she has a disability. The ADA defines a "disability" as having an actual mental or physical impairment "that substantially limits one or more of the major life activities of an individual," having a record of such an impairment, or being regarded as having such an impairment. 42 U.S.C. § 12102(2) (2007). Plaintiff's Complaint merely states that she "became disabled due to a work-related accident" and that she was fired because of her "disability." (Compl. ¶ 6.) Defendant Howard County argues that the Complaint "is defective, as a matter of law, because the Plaintiff has failed to identify the disability which allegedly caused the County to discriminate against her." (County's Mem. Supp. Mot. Dismiss 15.)

As noted above, the Complaint must meet the liberal pleading requirements of Rule 8(a)(2). The Fourth Circuit has not yet ruled definitively on the question of what level of detail

is required in pleading the disability requirement under the ADA.  At least three United States Courts of Appeals have ruled that, although an ADA plaintiff is not required to explicitly state a substantially limited major life activity, she must at least identify the nature of the disability. *See, e.g. EEOC v. J.R. Routh Packing Co.*, 246 F.3d 850, 852-54 (6th Cir. 2001) (epilepsy); *Menkowitz v. Pottstown Mem'l Med. Ctr.*, 154 F.3d 113, 117 n.2 (3d Cir. 1998) (attention deficit disorder); *Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1059 (7th Cir. 1998) (manic depression and alcoholism).[5]  The Eleventh Circuit has also held that "[v]ague or conclusory statements revealing an unspecified incapacity are not sufficient to put an employer on notice of its obligations under the ADA." *Morisky v. Broward Cty.*, 80 F.3d 445, 448 (11th Cir. 1996).

This Court agrees that the Complaint should state the nature of the disability alleged. However, the Supreme Court has also noted that "[i]t is . . . entirely contrary to the spirit of the Federal Rules of Civil Procedure for decisions on the merits to be avoided on the basis of [] mere technicalities." *Foman v. Davis*, 371 U.S. 178, 181 (1962).  In making this statement, the Supreme Court was referring to Rule 15(a) of the Federal Rules of Civil Procedure which states that leave to amend "shall be freely given when justice so requires."  This Court believes that Plaintiff's claims in this case should be reviewed on their merits and, therefore, finds that the Complaint sufficiently states a claim as to the second element.[6]  Because her claims will proceed

---

[5] Although the Fourth Circuit has not explicitly ruled on this issue, the court noted in an unpublished opinion that "the allegation that [an employer] 'placed [the plaintiff] on unpaid leave and shortly thereafter terminated her based upon [its] perception that she was disabled,' was sufficient to meet notice pleading requirements." *EEOC v. Browning-Ferris, Inc.*, No. 99-2413, 2000 U.S. App. LEXIS 18273, at *8 (4th Cir. July 28, 2000).

[6] This Court's decision is further supported by Howard County's own memorandum in support of its motion to dismiss, in which the County specifically quotes from doctors' reports written about Plaintiff's injuries when describing the events leading up to Plaintiff's discharge.

to the discovery stage, Plaintiff will be able to present evidence of her disability.

### B. Qualified Individual

The second element Czarny must establish under the ADA is that she was qualified for the employment or benefit in question. The ADA defines a "qualified individual" as one who "with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C. § 12111(8). The Fourth Circuit has not directly addressed the issue of the sufficiency of pleading when alleging that one is a "qualified individual" under the ADA. However, in order to determine whether the Plaintiff was qualified for the positions, the test is "(1) whether she could 'perform the essential functions of the job, i.e., functions that bear more than a marginal relationship to the job at issue,' and (2) if not, whether 'any reasonable accommodation by the employer would enable [her] to perform those functions.'" *Tyndall v. Nat'l Educ. Ctrs.*, 31 F.3d 209, 213 (4th Cir. 1994) (citation omitted).

The Complaint in this case states only that Plaintiff "was qualified" for the positions for which she applied. (Compl. ¶¶ 7, 11, 19.) The County claims that "the Plaintiff cannot offer any evidence to suggest that she was 'otherwise qualified' for the jobs for which she applied." (County's Mem. Supp. Mot. Dismiss 16.) Because of the liberal requirements of Rule 8(a)(2) as well as this Court's need for further information regarding Plaintiff's skills and abilities, the allegations in the Complaint are sufficient to withstand a motion to dismiss pursuant to Rule 12(b)(6). *See Swierkiewicz,* 534 U.S. at 508 (2002) (holding that Rule 8(a)(2) does not contain a heightened standard for employment discrimination cases).

---

(County's Mem. Supp. Mot. Dismiss 5.) These medical reports provided ample notice to the County of the Plaintiff's "disability" arising out of her "work-related accident." (*See* Compl. ¶ 6.)

### C. Because of Her Disability

The third element Plaintiff must establish for her ADA claim is that she was excluded from employment on the basis of her disability. The Complaint alleges that "as a result of [her] disability [Plaintiff] was terminated on June 22, 2004" and that the County "refused to interview, consider or hire the Plaintiff because of her disability." (Compl. ¶¶ 6, 20.) Additionally, Plaintiff alleges that the County "hired individuals who were less qualified than" her for the positions to which she applied. (*Id*. ¶ 21).

The County argues that "Plaintiff cannot offer any evidence to suggest that her disability . . . was a motivating factor for the County's decisions not to include her on eligibility lists for the employment positions for which she made application." (County's Mem. Supp. Mot. Dismiss 18.) In support, the County describes in great length the hiring process undertaken by the County's HR office to fill vacant positions. (*See id*. at 2-4.) However, as Plaintiff aptly notes, without discovery, she "is in no position to determine whether or not such procedure is adequate to met [sic] the requirements of the various discrimination laws, and if in the abstract it is adequate, whether the actual application of the procedures in this case where [sic] applied in a lawful fashion." (Pl.'s Opp'n 9.)

Because of the liberal requirements of Rule 8(a)(2) discussed above as well as this Court's need for further information regarding the actual decision-making process for the positions to which Czarny applied, the allegations in the Complaint are sufficient to withstand a motion to dismiss pursuant to Rule 12(b)(6).

### III.     Plaintiff's Gross Negligence Claim against the County (Count III)

Count III of the Complaint alleges that the County was grossly negligent in failing to conform its hiring procedures to the dictates of the ADA. This claim is essentially a restatement

of the allegations in Count II.  This Court has previously dismissed common law negligence claims that are duplicative of claims brought under employment discrimination statutes such as Title VII of the Civil Rights Act of 1964, ("Title VII") as amended, 42 U.S.C. §§ 2000e, *et. seq.* *See Crosten v. Kamauf*, 932 F. Supp. 676, 684 (D. Md. 1996) (citing *Maxey v. M.H.M. Inc.*, 828 F. Supp. 376 (D. Md. 1993)).  In *Crosten*, Judge Nickerson noted that where common law tort claims "do no more than attempt to impose liability on [the defendant] for its alleged failure to conform to the dictates of Title VII . . ." those claims "merely restate" the Title VII claims.  *Id.*  In *Maxey*, the plaintiff premised her negligence claim on the theory that "if a reasonable person would supervise her employees to prevent sexual harassment and if a particular employer fails to do so, she may be found liable for having been negligent."  828 F. Supp. at 378.  However, Judge Motz noted that the "fallacy in plaintiff's argument is that 'reasonableness' within the meaning of tort law is . . . rooted in public policy.  The specific public policy involved here - prohibiting sexual harassment - is entirely a creature of statute. . . ."  *Id.*

In this case, the gross negligence claim in Count III is premised on the theory that Howard County failed to protect the Plaintiff from the Detention Center's discrimination against her based on her disability.  This claim is essentially a restatement of her ADA claims against the Defendants.  In addition, like the public policy against sexual harassment codified in Title VII, the public policy against disability discrimination is codified in the Americans with Disabilities Act.  Accordingly, Czarny's gross negligence claim is duplicative of her ADA claims, and the County's Motion to Dismiss is GRANTED with respect to Count III of the Complaint.

**IV.    Summary Judgment**

Finally, Howard County has alternatively moved for summary judgment as to all Counts.  That motion is premature because discovery has not yet commenced in this case.  While Plaintiff

has not filed an affidavit setting forth the need for further discovery, as required by Rule 56(f) of the Federal Rules of Civil Procedure, the Fourth Circuit has recognized that Rule 56(f) affidavits are not always necessary. *See Harrods Ltd. v. Sixty Internet Domain Names*, 302 F.3d 214, 244–45 (4th Cir. 2002); *Chernova v. Electronic Systems Services*, 247 F. Supp. 2d 720 (D. Md. 2003). If the nonmoving party makes objections that satisfy the purpose of the affidavit and are not lax in pursuing discovery, he or she may not need to file a Rule 56(f) affidavit. *Chernova*, 247 F. Supp. 2d at 722–23. "The purpose of the affidavit is to ensure that the nonmoving party is invoking the protections of Rule 56(f) in good faith and to afford the trial court the showing necessary to assess the merit of the party's opposition." *Id.* at 723 (quoting *Harrods*, 302 F.3d at 244).

In this case, Plaintiff has expressed the need to discover additional facts before she may fully prosecute her claims. (Pl.'s Opp'n 5–6, 8.) In light of the fact-intensive nature of Plaintiff's allegations, it is clear that this Court cannot assess the merits of Plaintiff's claims without affording Plaintiff the opportunity to discover such facts. In addition, viewing the facts in a light most favorable to Plaintiff, this Court has found at least one dispute of material fact at this time. For example, since Plaintiff has not yet had the chance to put forth evidence about her qualifications, it is unclear whether she is a "qualified individual" under the ADA. Additionally, there is a factual dispute over the County's reasons for not hiring Czarny.

Accordingly, the County's Motion for Summary Judgment is DENIED.

## CONCLUSION

For the reasons stated above, Defendant Howard County's Motion to Dismiss is GRANTED as to Counts I and III and Plaintiff's discriminatory discharge claim in Count II.

The County's Motion to Dismiss is DENIED as to Plaintiff's failure to hire claims in Count II.

The County's Motion for Summary Judgment is DENIED. A separate Order follows.

Dated: March 7, 2007                                  /s/_____
                                                     Richard D. Bennett
                                                     United States District Judge